First case for argument this morning, case number 18-3735, Brigido Lopez-Chavez v. William P. Barr. Okay, Mr. Neator, are you ready to proceed? I am, Your Honor. Go ahead. Thank you. Good morning. May it please the Court, my name is Andrew Neator, and I represent the petitioner Brigido Lopez-Chavez. Your Honor, this case addresses whether Mr. Lopez does or does not have an aggravated felony conviction that would prevent him from applying for cancellation of removal, where all the parties and the courts below have concluded that his marijuana conviction is not an aggravated felony. The Board of Immigration Appeals has taken a position that is contradictory and a bit counterintuitive, and essentially a misreading of the plain text of 101-A43-0, which defines an aggravated felony for these purposes. And they argue that the immigration judge and this court today are somehow bound by a sentencing enhancement finding in a 1326 conviction from 2006. This case does have a long procedural history, but there are actually important facts that are not in dispute. First, Mr. Lopez's 2003 Missouri marijuana conviction is not an aggravated felony. That's not disputed by the government, nor is it disputed by the immigration judge, who reopened his removal proceedings for that very reason, nor is it disputed by the Ninth Circuit or the Board. And that's based on the Supreme Court decision in Moncrief. Also, Mr. Lopez does have a conviction under 8 U.S.C. 1326 for illegal reentry from 2006. Now, at that time, he also received a sentencing enhancement under 1326-B because at that time in 2006, that sentencing court believed that his 2003 drug conviction was an aggravated felony, even though we now know it is not and it was not at that time. Mr. Lopez's removal proceedings have now been reopened because the immigration judge agreed that he was no longer removable as charged because in his original notice to appear, the sole charge was being an aggravated felon for that conviction. And again, we all agree that he is not. The Department of Homeland Security added a new charge of removability, that he had a controlled substance conviction but not an aggravated felony. And finally, there's also no dispute that for the new ground of removability, that controlled substance conviction, he is otherwise eligible for cancellation of removal, but for the board's position that he has an aggravated felony by virtue of this 1326 conviction. And if I may, I'd like to start the analysis by looking at really just the plain text of 101-A-43-0, which defines an aggravated felony for purposes of this case. And to apply that definition, it's essentially a multi-part test. First, does the person have a conviction for 1325-A or 1326? And then, was he previously deported and was that previous deportation on the basis of a conviction that is an aggravated felony? Now, for Mr. Lopez, that analysis should be fairly straightforward. He does have a prior conviction for 1326. He has been previously deported, but that deportation was on the basis of the marijuana conviction, which is not an aggravated felony. Therefore, the 1326 itself cannot be an aggravated felony. The board's position is that in 2006, at the time of the 1326 conviction, the sentencing court believed that prior marijuana conviction to be an aggravated felony and even applied that sentencing enhancement under 1326-B. Therefore, despite a recognition by the board itself that the marijuana statute is not an aggravated felony, despite the Supreme Court precedent of Moncrief, the board would perpetuate the fiction that Mr. Lopez is an aggravated felon for all time. Going back to the language of 101-A-43-0, Congress wrote the law so that a person is an aggravated felon if that initial conviction that caused the initial deportation is defined as an aggravated felony. The statute does not— Well, counsel, let me interrupt you. Let me interrupt you. In the issue about when we take the snapshot, do we take the snapshot in 2006 or do we take the snapshot now, right? That's the heart of the issue, Your Honor, and we should take the snapshot— Okay, what's the—let me interrupt you. You got the premise. Now, the real question is, what's the best guidance for us on how to resolve that? If I understood that, I'd really understand how to solve this case. Your Honor, looking at that, which is, again, the heart of the issue, I think that if we, again, look at 101-A-43-0, it's interesting in that it applies to both 1325s and 1326s. And so on the question of when we take that snapshot, if you look at 1325, what's different about 1325 is that there is no language within 1325 of aggravated felonies. There's no— 1325 doesn't matter in this case, right, counsel? It's 1326, correct? Well, it matters for purposes of statutory interpretation. Okay, go ahead. Make your argument. You need to give me some authority. Certainly, Your Honor. I'm looking for authority. Go ahead. You can make it from the statute, of course. Go ahead. So, looking at the statute, it applies to both 1325 and 1326. It's written in the disjunctive, and there's nothing to distinguish how 101-A-43-0 should be applied to both. But if you look at 1325, again, there is no language about aggravated felonies. And so nobody would have taken that snapshot back at the time of the 1325 conviction. Therefore, the only way to apply— Hold on, counsel. I've got to interrupt you. It says that 1325 overlaps with the other because it says subsequent commission of a defense up to two years, which is a felony. You know how 1325 ends on the A. Tell me if I'm wrong. I'm just reading it. It does say two years, Your Honor, but it doesn't say that it would be an aggravated felony. And that's the distinction that's important. 1326 specifically addresses a sentencing enhancement if somebody has a prior aggravated felony. So it's not a question of whether 1325 could be a misdemeanor or a felony because I agree with Your Honor, it certainly could be both. But there's nothing in the language of 1325 that would have required the sentencing judge to do any type of analysis or to take that snapshot at the time. But in 2006, he was only convicted under 1326A. B is not in the judgment, right? Your Honor, not only is it not in the judgment, it's not in the charging document either. Yeah, but let's just go by the judgment. That's confusing enough for me. So if you look at A, you don't get down to aggravated felony. Aggravated felony is in B too, right? Correct. Yeah, you never get there. So you're in A, and so there's a pure overlap because it says two years there too. Correct. 1326A ends with imprisonment for more than two years. Get it? Yes, and therefore that would be a felony, but it wouldn't make it an aggravated felony unless 1326B kicked in. And so the only time 1326 becomes an aggravated felony is if there was a prior deportation and the basis for that prior deportation was a separate aggravated felony conviction. And so the board's position is you take the snapshot or essentially you look at the snapshot that was taken by the sentencing judge in the 1326 case. Right. But again, looking at 101A43O, that cannot be what Congress intended because there would be no way to apply that logic to 1325. Well, your time's short, so I'm going to be a little heavy-handed. Is this a substantive or procedural rule? Does that matter? I'm sorry, Your Honor. Could you repeat that, please? Is this a substantive or procedural rule, and does that matter? Your Honor, I would say it's substantive because the whole issue is how to interpret 101A43O that defines an aggravated felony. And so in order for a 1326 to be an aggravated felony, it requires that extra that's in 101A43O. For Mr. Lopez's purpose, it has to be a 1326 conviction, plus it must have had a prior removal, and the basis of that prior removal was an offense that is defined as an aggravated felony. And that is what would make it an aggravated felony conviction. And so, again, looking at 1325, to explain why that logic wouldn't make sense to apply and it would be an absurd result, in a 1325 case, somebody could never be an aggravated felony, even though 101A43O certainly envisioned such a thing, because in a 1325 sentencing, there never would have been an analysis of a prior removal. I get your argument, but I have to tell you that's not this case. Go ahead, make your argument. We don't have 1325. I looked at the district court's records. No mention of 1325, I think. Right? That's correct, Your Honor. But what is before the court is how to interpret 101A43O and when that snapshot should be taken. So in order to determine when that snapshot should be taken, I think we do need to look at 101A43O to see what was Congress's intent. Did Congress intend for the immigration judge to take that snapshot at the time he was making the analysis of, for Mr. Lopez's purpose, is he eligible for cancellation, or is that immigration judge bound by a 14-year-old sentencing enhancement decision at a time when, before Moncrief, it was believed that the, in this case, Mr. Lopez, had a prior aggravated felony? If we were to take the board's position, then, again, the retroactivity of Moncrief would never be able to be applied to this sort of case. Okay, good. You said something important to me. What says Moncrief is retroactive? It's retroactive, Your Honor, because this is a, Moncrief was an issue of statutory interpretation. And therefore, when something is a matter of statutory interpretation, in this case, that statute for the marijuana conviction under Missouri law is not an aggravated felony, has never been an aggravated felony. There's no holding of the, the Supreme Court has not expressly told us that Moncrief's retroactive or not, right? In the language of the decision, I don't believe that it's explicitly stated. Oh, no, no, and they do it in later cases sometimes, too, as you know. So they haven't told us whether it's retroactive. What's your best case or authority? I understand your statutory argument, but what's your best case or authority that Moncrief's retroactive? This case can be summarized that simply. Your Honor, I'm looking for my authority right now, but in cases where the decision is one of statutory interpretation, the courts have been consistent that it is to be retroactive because it is an interpretation of the statute, how the statute should be interpreted and how it always should have been interpreted. Well, now, the Gamboa Fifth Circuit is contrary to this off the bat, right? Your Honor, what's interesting about the Gamboa decision. No, wait, wait, first of all, to answer my question, it's okay. We're not in the Fifth Circuit. I know the Ninth Circuit thought that Missouri was in the Seventh Circuit, but we won't go there. But we're not in the Fifth Circuit. We're in the Eighth Circuit. And so the question is simply, Gamboa says we don't have to address all these fancy interpretation issues because he pled guilty. What do you say to that? I would say, Your Honor, that in the Gamboa case and the other related Piedras case, both of which are cited by the government, those cases were in the context of criminal cases for purposes of sentencing. So in those cases, the question was whether a sentencing judge who is sentencing a 1326 and determining whether there's an aggravated felony enhancement, whether that sentencing judge can rely on a prior 1326 conviction where such a thing was found. And so that's a very different context than what we have here. And also in the Gamboa case, I believe the underlying conviction was accessory after the fact that court also held that the underlying conviction itself actually was an aggravated felony. So the only issue in Gamboa was whether a sentencing judge in the 1326 case needs to do the analysis all over again or whether that judge can just say this analysis has been done. I'm bound by the prior finding of 1326. Number one, I can't quite see the light. Maybe you can't. But I think you're into rebuttal time. I think that. Thank you, Your Honor. Sure. Miss Miss O'Donnell. Good morning, Your Honor. Margaret O'Donnell for the United States. The board decision in this case should not be disturbed. It is the denial of cancellation of removal was correct because this petitioner has never sought post-conviction relief before the district court that issued his guilty plea. The in answering your question about how do we resolve this, I think we go to his to the count that he pled guilty to. He it was 1326 is at one hundred and twenty five in the record. And it was 1326 B2. No, he didn't plead guilty to 1326 B2. That's what the indictment reads. I thought the conviction only said 1326 A. The judgment only said 1326 A. The indictment. Just tell me if I'm wrong and tell me the page. I'm looking at the indictment right now. It's count. No, no, no. Go by. Go by the judgment of the court indictments. What they're charged with judgments, what they end up with. I thought the end up being only 1326. Tell me if I'm wrong and tell me the page number. No, I that 119, I think, is the page number in the record of his plea. There's no question that there's no question that he was indicted with B2, but he was sentenced only for an A. Right. And he only pled guilty. I'm getting there. Sorry. OK, good. And I'll shut up. No, you don't need to do that. You're right. It's 1326. He pled to. OK, boy, that's a big part of the case to me. But he still has pled guilty to it. And it was an egg. That charge itself is an aggravated felony based on the prior removal, which was for an aggravated felony. And he still has not sought post conviction relief. And I don't understand why not. But I don't have to understand that the board, in the absence of case law addressing this specific issue in this circuit, the board had to rely on its own presidential decision. I'm sorry, I was reading the paragraph above the availability of post conviction relief. or other forms of collateral attack does not affect the finality of the criminal conviction for immigration purposes. And that's an important point for immigration purposes. Unless and until the conviction has been overturned pursuant to such a motion. The fact that he hasn't sought post conviction relief leaves him in that same status as an aggravated felon barred from cancellation of removal. What do you do with the end of the statute? This is O that we're all talking about. It says basis of conviction for an offense described. And, of course, then I think you have to go to B. This is 43 B. Tell me if I'm being clear about illicit illicit trafficking in a controlled substance. And that doesn't qualify. So if you take the snapshot now, it's not a close call. It doesn't fit those two sections together because Missouri Statute 195 to 11. I don't think it's even a felony, but it's not an aggravated felony. I don't think it actually exists anymore in that. Yeah, a very close version of it does. They may have moved at one spot, but go ahead. OK. I'm kind of getting stuck on taking the snapshot at this period of time. We understand that the underlying removal order was not an aggravated felony. But this petitioner pled guilty at a time when it was still an underlying. The underlying order was still an aggravated felony, pled guilty to re illegal reentry subsequent to an aggravated felony. And has not sought relief from that. He sought it in California and he got the relief he wanted since 2013. He's had this opportunity and he hasn't availed himself of it. Does it matter that that's not an elevate that the the fact of the aggravated felony is not an element of that offense, that it's a sentencing enhancement? In other words, it's not part of the well, one of the elements he has to plead to. I you know, I don't know your honor. Honestly, I don't know. Yeah, I don't I don't know how to respond to that. The the charge of reentering as an aggravated felony was valid at the time that it was entered and it has never been found to be not valid at this point. I. I just don't know what he can do other than go back to the district court and ask them to vacate. The conviction. Well, and then at least we would have what he can do, what he can do. He can say Moncrief is clearly retroactive. There's an authority that says that the Moncrief retroactive. It wiped out everything there. But there's no case authority for that. Yeah. And the board had to rely on substantial evidence in the record and its own presidential decision in making the decision that he hasn't sought the relief and post conviction relief. And so, therefore, he is still barred from cancellation of removal. And I have a question just to maybe follow up on, I think, Judge Benton's question. When you look at, oh, seems to me there's a cup if and I know you're sort of pushing back on the snapshot analogy, but if we can stretch that just a little bit further, you've got by an alien who was previously deported previously. So we've got a past previously deported on the basis of a conviction. But then the next phrase, which I think which Judge Benton was was focusing on was for an offense described in another paragraph, sub paragraph of this paragraph. So I feel like then we're coming back to the current analysis so that when you could make the make the argument that the immigration judge is now in this time looking at this paragraph. And I think everybody agrees that that the drug the drug offense is no longer one that is qualifies as an aggravated felony. Yes, everyone does agree on that. But I don't think that. We can lead to the fact that the issuance of Moncrief has cascaded all the other immigration consequences of the petitioner's behavior. Not without some sort of. Case law that would support so. So even if you were to be looking at it under this paragraph and everyone would agree that now we look at it and say he doesn't have he doesn't qualify. You still say that that this pair that phrase this paragraph really is still looking back to what was happening when he got his conviction for reentry. You know, maybe I'm just a little too dim to to connect all those things. But what I keep going back to is he voluntarily pled to the 1326 a. He has never taken any action to overturn it. It was valid at the time it issued. It is a separate AG fell and he must understand those consequences. He keeps getting hit with them. I just don't understand why he hasn't attempted post conviction relief. That would be his answer. Does the I really don't know the answer on the does the Fifth Circuit address this post conviction issue? Yes, they're they were the only circuit. I found that in. Yeah, but do they address this specific part of it on the you got to go back and set aside the here to double six conviction. I don't know the answer to that. Your Honor. But I'm happy to research it. Sure. 28 J letter on any of these loose ends would be appreciated, especially since you're the government. Okay. But your judgment of the 28 J because we have people that write too many and people don't write enough. So be the right level. All right. This circuit on the issue. All right. Anything else? Your Honor. Judge Shepard. Anything further? No. Of this council. Judge Kelly. No, sir. Thank you for the argument. All right. Thank you. Sure. Mr. Nader. We're back to you. Thank you very much. Your Honor. I'd like to start with Judge Benton. You had asked about the retroactivity of Moncrief. And I would cite to you the Supreme Court case of Rivers V Roadway Express, which is cited in our opening brief on page 16. It's a Supreme Court case from 1994, which specifically says that a judicial construction of a statute is an authoritative statement of what the statute meant before, as well as after the decision of the case, giving rise to that construction. So I think that case would find that Moncrief is retroactive. Although I think what's interesting is that in this case, I don't know that this court necessarily even needs to address that because the immigration judge and the board have already established that the marijuana conviction is not an aggravated felony. They found that it's on page two of the BIA decision. So really, the only issue before this court is whether the government can rely on that prior conviction or not. The immigration court. Your time is short, so do answer her main point, which is that you should go back to the Eastern District of Missouri and get this set aside. Be easy. Certainly your honor. Again, the issue comes down to something that both your honor and Judge Kelly mentioned that the conviction is for a 1326. A yeah, but wait, wait, wait. I find that evasive. Is there a reason not to go back to the Eastern District? Just a clear conviction off the record. You know, we say in many cases that a conviction means something, even if it's go ahead. It would be unnecessary because again, the what makes this an aggravated felony is not that he has a 1326 conviction. It's a 1326 plus. He pled guilty to 1326 a and so setting aside that conviction is not necessary because we have established that the plus is just not there. He was not previously removed based on a conviction that is defined in the paragraph today as an aggravated felony. And so, as you think, could he get that? Could he get that overturned? Because he'd still have an illegal reentry. So the elements of the offense of illegal reentry without permission after a previous removal would still be would still be in effect. I guess I'm struggling to sort of understanding how you could attack what really is just the sentencing element of it or the enhancement. Is that possible? And I don't know. And I apologize, Judge Benton. I'm over. No, no, no. As long as you want to talk to Mr. Go ahead, Your Honor. Thank you. Yes, I think that that's exactly right, Your Honor, because the only thing we'd be attacking is the sentencing enhancement under 1326 B. We wouldn't even have a basis to say that he's not guilty of the 1326 A because we've never disputed those elements of the offense. And so if we were to attack that conviction, we would really just be attacking the sentence, not the elements of the offense under 1326 A. I hope that's responsive to your honor. Thank you. Satisfied, Judge Kelly? I am. OK, good. Then case number 18-3735 is submitted for decision by the court and counsel are excused.